UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN A. PERRY, | ) |
| Petitioner, | ) 3:08-cv-0532-ECR-VPC |
| vs. | ) **ORDER** |
| E.K. McDANIEL, *et al.*, | ) |
| Respondents. | ) |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by Steven A. Perry, a Nevada state prisoner. Before the Court is respondents' motion to dismiss the petition. (Docket #14).

**I.    Procedural History**

Following a jury trial, on December 27, 2004, a judgment of conviction was entered against petitioner for the following: Count I, murder with the use of a deadly weapon and Count II, attempted robbery with the use of a deadly weapon. (Exhibit 1).

On January 25, 2005, petitioner filed a timely notice of appeal challenging the judgment of conviction. (Exhibit 2). On September 27, 2006, the Nevada Supreme Court entered an

order affirming the judgment of conviction. (Exhibit 3). Remittitur issued on October 26, 2006. (Exhibit 4).

On February 9, 2007, petitioner filed a *pro per* post-conviction habeas petition in state district court. (Exhibit 5). On June 25, 2007, the state district court entered its Findings of Fact and Conclusions of Law, denying the petition. (Exhibit 6). Notice of entry of the order was made on June 25, 2007. (Exhibit 6).

On March 5, 2008, petitioner filed a notice of appeal challenging the order denying his state court post-conviction petition. (Exhibit 9). The Nevada Supreme Court entered is order dismissing the appeal on April 18, 2008. (Exhibit 10). The Court found a jurisdictional defect based on the untimely filing of the notice of appeal. (Exhibit 10). Remittitur issued on May 15, 2008. (Exhibit 11).

On September 24, 2008, petitioner dispatched his *pro per* federal habeas petition to this Court. (Docket #1). Respondents have brought the instant motion to dismiss on grounds that the petition is untimely, and on the alternate ground the claims in the petition are procedurally defaulted. (Docket #14). Petitioner has filed a response to the motion to dismiss. (Docket #17). No reply was filed by respondents.

## II.     Discussion

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

Although the Ninth Circuit Court of Appeals held in 2002, that a "properly filed application" was one in which the "delivery and acceptance are in compliance with the applicable laws and rules governing filings" even if the petition was later held to be untimely, *Dictado v. Ducharme*, 244 F.3d 724, 726-27 (9th Cir. 2001), *quoting Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 364 (2000), that position has since been held incorrect by the United States Supreme Court. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). The Court in *Pace v. DiGuglielmo* held as follows,

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception.
>
> * * *
>
> What we intimated in *Saffold* we now hold: When a postconviction petition is untimely under state law, "that [is] the end of the matter" for the purposes of § 2244(d)(2).

*Id.* at 413-14.

1    In the present case, petitioner's judgment of conviction was filed on December 27, 2004. (Exhibit 1). Petitioner appealed his conviction. (Exhibit 2). On September 27, 2006, the Nevada Supreme Court affirmed the conviction. (Exhibit 3). On February 9, 2007, petitioner filed a state habeas petition. (Exhibit 5). On June 25, 2007, the petition was denied by the state district court. (Exhibit 6). The record reflects that petitioner filed an untimely notice of appeal from the order denying his state habeas petition on March 5, 2008. (Exhibit 9). This appeal was dismissed by the Nevada Supreme Court on April 18, 2008, as untimely under NRS 34.575, which provides a 30-day period to file an appeal, otherwise, there is a failure to vest jurisdiction in the Nevada Supreme Court. Respondents argue that petitioner delayed 427 days, from July 25, 2007, to September 24, 2008, to file his petition in the instant case, making the petition untimely under the AEDPA statute of limitations.

Where a petition is untimely, the court may only consider it if petitioner can demonstrate that extraordinary circumstances beyond his control made it impossible to file the petition on time. *See Beeler*, 128 F.3d at 1288. Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Petitioner asserts in his petition that, following the denial of his state habeas petition, he mailed a notarized notice of appeal to the Clark County district court on July 2, 2007. (Petition, at p. 3). Petitioner further asserts that after several inquiries, he was informed by letter dated February 20, 2008, that the Clark County Clerk of Court had not received his notice of appeal. (Petition, at p. 3; Letter, as Exhibit D to Petition). Petitioner has attached to his petition his notice of appeal, dated July 2, 2007, bearing his notarized signature, as well as a proof of service of the notice of appeal, dated and notarized July 2, 2007, on the Clark County Clerk of Court . (Exhibit E to Petition). In his response to the instant motion to dismiss, petitioner submits a letter from Kay Weiss, the notary

4

public whose stamp is on petitioner's notice of appeal dated July 2, 2007. The letter of Kay Weiss states: "I also notarized his proof of mailing on 7-2-07 for his motion of appeal." (Exhibit F, Petitioner's Response). This Court finds that petitioner has demonstrated that he pursued his rights diligently, and that some extraordinary circumstance stood in his way – the extraordinary circumstance being the fact that he mailed his notice of appeal on July 2, 2007, yet it was not received by the Clark County Clerk of Court, thus delaying his appeal from the denial of his habeas petition until he resubmitted it on March 5, 2008. (Exhibit 9). Petitioner is entitled to equitable tolling from the date he mailed his notice of appeal, July 2, 2007, until the date of the state court's receipt of the notice of appeal, on March 5, 2008. As such, the federal habeas petition is not untimely, as respondents urge. Respondents must substantively answer the claims in the petition, as directed at the conclusion of this order.

### III.    Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (Docket #14) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents **SHALL FILE AN ANSWER** to the petition within **thirty (30) days** from the entry of this order. The answer shall include substantive arguments on the merits as to each claim in the amended petition. **No further motions to dismiss will be entertained**. In filing the answer, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner may file his reply to the answer, if any, no later than **thirty (30) days** after being served with the answer.

DATED this 26 day of August, 2009.

Edward C. Reed
UNITED STATES DISTRICT JUDGE

5