UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

STEVEN A. PERRY,                              )
                                              )
       Petitioner,                          )    3:08-cv-00532-ECR-VPC
                                              )
vs.                                           )    **ORDER**
                                              )
E.K. McDANIEL, *et al.*,                      )
                                              )
       Respondents.                         )
_____/

       This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. This matter comes before the Court on the merits of the petition.

**I. Procedural History**

       On July 16, 2003, petitioner and his two co-defendants were all charged by information with Count I, murder with the use of a deadly weapon and Count II, attempted robbery with the use of a deadly weapon. (Exhibit 5).[1] On October 6, 2003, petitioner moved to sever this trial from that of his co-defendants. (Exhibit 7). On October 21, 2003, petitioner's motion was rendered moot as the trial court granted the motion to sever a co-defendant and therefore set separate trials for the three defendants. (Exhibit 8). Petitioner's jury trial commenced on March 22, 2004, and concluded on October 15, 2004. (Exhibits 10-16). The jury returned verdicts against petitioner, finding him guilty

---

[1] The exhibits referenced in this order are found in the Court's record at ECF No. 24.

of Count I, murder in the first degree with use of a deadly weapon, and Count II, attempted robbery with the use of a deadly weapon. (Exhibit 16). As to Count I, petitioner was sentenced to a term of twenty years to life, plus an equal and consecutive term of twenty years to life for the use of a deadly weapon. As to Count II, petitioner was sentenced to 24 to 120 months, plus an equal and consecutive term of 24-120 months for the use of a deadly weapon. The sentences for Counts I and II run concurrently. (Exhibit 17). The judgment of conviction was filed on December 27, 2004. (*Id.*).

On January 25, 2005, through counsel, petitioner filed a timely notice of appeal challenging the conviction. (Exhibit 18). On September 27, 2006, the Nevada Supreme Court entered its order affirming the conviction. (Exhibit 23). Remittitur issued on October 26, 2006. (Exhibit 24).

On February 9, 2007, petitioner filed a post-conviction habeas petition in state district court. (Exhibit 25). On June 25, 2007, the state district court entered its Findings of Fact and Conclusions of Law, denying the petition. (Exhibit 28).

On March 5, 2008, petitioner filed a notice of appeal challenging the order denying his state court post-conviction petition. (Exhibit 29). The Nevada Supreme Court entered an order dismissing the appeal on April 18, 2008, based on the untimely filing of the notice of appeal. (Exhibit 30). Remittitur issued on May 15, 2008. (Exhibit 31).

On September 24, 2008, petitioner dispatched his *pro per* federal habeas petition to this Court. (ECF No. 7, at p. 1). Respondents filed a motion to dismiss on grounds that the petition is untimely, and on the alternate ground the claims in the petition are procedurally defaulted. (ECF No. 14). By order filed August 27, 2009, this Court denied respondents' motion to dismiss. (ECF No. 20). This Court found that petitioner was entitled to equitable tolling of the AEDPA statute of limitations, from the date he mailed his notice of appeal, July 2, 2007, until the date of the state court's receipt of the notice of appeal, on March 5, 2008. (ECF No. 20, at p. 5). The Court directed

respondents to file an answer to the petition, substantively addressing the merits of each claim.  (*Id.*).
Respondents have filed an answer (ECF No. 23) and petitioner has filed a traverse (ECF No. 26).

**II.  Federal Habeas Corpus Standards**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002).  A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*,

3

1  529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more
2  than merely incorrect or erroneous; the state court's application of clearly established federal law
3  must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).
4      In determining whether a state court decision is contrary to, or an unreasonable application of
5  federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v.*
6  *Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th
7  Cir. 2000), *cert. denied*, 534 U.S. 944 (2001). Moreover, "a determination of a factual issue made by
8  a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting
9  the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).
10 **III. Discussion**
11     **A. Ground One**
12     Ground One does not assert a claim for federal habeas corpus relief. Rather, Ground One is
13 petitioner's argument showing cause to excuse the untimely filing of his federal petition. (ECF No.
14 7, at p. 3). To the extent that petitioner sought relief on these facts, this Court previously found that
15 petitioner is entitled to equitable tolling, excusing the untimeliness issue, in its order of August 27,
16 2009, denying respondents' motion to dismiss. (ECF No. 20). No further relief is warranted.
17     **B. Ground Two**
18     Petitioner asserts a claim for ineffective assistance of counsel, specifically alleging:

> Petitioner's trial counsel or attorney did not object to erroneous jury
> instruction which allowed him to be convicted for a specific intent
> crime based upon a negligence standard of vicarious liability for
> foreseeable acts and which failed to instruct that a specific intent is
> required for aiding and abetting convictions.

22 (ECF No. 7, at p. 6).
23     Ineffective assistance of counsel claims are governed by the two-part test announced in
24 *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a
25 petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the
26

4

attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. *Williams v. Taylor,* 529 U.S. 362, 390-391 (2000) (citing *Strickland,* 466 U.S. at 687). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *Strickland,* 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an 'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (quotations omitted). If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of the *Strickland* standard. *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

The United States Supreme Court recently described federal review of a state supreme court's decision on a claim of ineffective assistance of counsel as "doubly deferential." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011) (quoting *Knowles v. Mirzayance*, 129 S.Ct. 1411, 1413 (2009)). The Supreme Court emphasized that: "We take a 'highly deferential' look at counsel's performance . . . . through the "deferential lens of § 2254(d).'" *Id.* at 1403 (internal citations omitted). Moreover,

1  federal habeas review of an ineffective assistance of counsel claim is limited to the record before the
2  state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 131 S.Ct. at 1398-1401.

3  Moreover, to obtain federal habeas relief based on an improper jury instruction, petitioner
4  must establish that the instruction so infected the entire trial that the resulting conviction violates due
5  process. *Masoner v. Thurman*, 996 P.3d 1003, 1006 (9th Cir. 1993); *Estelle v. McGuire*, 502 U.S. 62,
6  72 (1991); *Henderson v. Kibbe,* 431 U.S. 145, 154 (1977).  In reviewing jury instructions, the court
7  inquires as to whether the instructions as a whole were misleading or inadequate to guide the jury's
8  deliberation.  *U.S. v. Garcia-Rivera,* 353 F.3d 788, 791 (9th Cir. 2003) (citing *United States v. Frega,*
9  179 F.3d 793, 806 n.16 (9th Cir. 1999) (internal citations omitted).  An instruction may not be judged
10 in isolation, "but must be considered in the context of the instructions as a whole and the trial
11 record." *Id.*  Furthermore, jurors are presumed to follow the instructions that they are given. *U.S. v.*
12 *Olano,* 507 U.S. 725, 740 (1993).

13 In the instant case, the last reasoned opinion in the Nevada state courts that addressed the
14 merits of petitioner's claim regarding the jury instructions was the Eighth Judicial District Court in
15 its Findings of Fact, Conclusions of Law, and Order, filed June 25, 2007.  (Exhibit 28).  The state
16 district court made a finding of fact that petitioner's claim was "belied by the record" because the
17 jury was instructed regarding the level of intent required for an aiding and abetting conviction.
18 (Exhibit 28, at p. 3).  The state district court identified from the record Jury Instruction 39, which
19 stated:

> In order for a person to be held accountable for the specific intent crime of another under an aiding or abetting theory of principal liability, the aider or abettor must have knowing aided the other person with the intent that the other person commit the charged crime.

(Exhibit 28, at p. 3; Exhibit 15, Jury Instruction No. 39).  Upon finding that the jury was properly instructed, the state district court concluded that "counsel's performance did not fall below an objective standard of reasonableness and there is no reasonable probability that but for counsel's alleged errors the result of the outcome would have been different." (Exhibit 28, at pp. 3-4).  The

state district court cited to and applied the correct federal standard for ineffective assistance of counsel claims, *Strickland v. Washington*, 466 U.S. 668 (1984). (Exhibit 28, at pp. 3-7). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court will deny habeas relief on Ground Two of the federal petition.

### C. Ground Three

Ground Three of the petition is a companion claim to Ground Two, alleging ineffective assistance of appellate counsel for failing to raise a claim on direct appeal challenging the jury instructions regarding the element of intent under an aiding and abetting theory of liability. (ECF No. 7, at p. 9).

The *Strickland* standard, discussed earlier in this order, applies to challenges of effective appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Appellate counsel has no constitutional duty to raise every non-frivolous issue requested by the client. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).

The Eighth Judicial District Court considered this claim and found the claim to lack merit. The state district court found that the jury was properly instructed, that appellate counsel's performance did not fall below an objective standard of reasonableness, and that the alleged omitted issues on appeal would not have had a reasonable probability of success on the merits. (Exhibit 28, at p. 3). The state district court cited to and applied the correct federal standard for ineffective assistance of appellate counsel claims, *Strickland v. Washington*, 466 U.S. 668 (1984) and *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). (Exhibit 28, at pp. 3-7). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving

that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court denies habeas relief as to Ground Three.

**IV. Certificate of Appealability**

In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**V. Conclusion**

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **DENIED IN ITS ENTIRETY**.

1       **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

      **IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

      Dated this 20th day of December, 2011.

*Edward C. Reed.*
UNITED STATES DISTRICT JUDGE